UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BREATHWIT MARINE CONTRACTORS, LTD., | § § § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:13-CV-00169 |
| | § | |
| DELOACH MARINE SERVICES, LLC, *et al*, | § § § § § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

This maritime collision case presents an issue on which surprisingly little case law exists within the Fifth Circuit: if a vessel begins a journey in Texas, and then commits a tort in another forum (in this case Louisiana), does the case "arise out of or relate to" the defendant's Texas contacts so that personal jurisdiction exists in this forum?

I.   **BACKGROUND**

Plaintiff Breathwit Marine Contractors, Ltd. is a Texas corporation with its principal place of business in Galveston County. Breathwit is a marine towing company that provides cargo transportation services on the Gulf Intracoastal Waterways. Defendant Deloach Marine Services, L.L.C. is a Louisiana limited liability company with its principal place of business in Port Allen, Louisiana.

Deloach is also in the inland towing business and operates eleven tugboats in and around Texas.

The dispute in this lawsuit arises from a maritime collision between the companies' towing vessels: Breathwit's M/V ALEX B and Deloach's M/V SALLIE ANN. In July 2012, the SALLIE ANN embarked from its home port in Houston,[1] pushing three barges and cargo owned by Texas-based Kirby Inland Marine eastward through the Gulf Intracoastal Waterway. At the same time, the ALEX B was pushing two barges westward through the Gulf Intracoastal Waterway. The two vessels crossed paths near a sharp bend located at approximately Mile 161 on the Waterway in Vermillion Parish, Louisiana.

Nearing the bend, the ALEX B's Master used the designated radio frequency to indicate his travel plans to nearby vessels. The SALLIE ANN responded to the ALEX B's transmission, and agreed to meet the ALEX B "on two-whistles," or starboard-to-starboard, after the ALEX B completed its turn. Despite this communication, the SALLIE ANN failed to give way, causing its lead barge to collide with the lead barge of the ALEX B and damaging both of the ALEX B's barges.

---

[1] The affidavit by David Deloach, Deloach Marine's president and owner, claims that none of its vessels are based in Texas. Docket Entry No. 16-1 ¶ 9. Breathwit asserts that Deloach produced a Coast Guard Certificate of Inspection contradicting Mr. Deloach's claim. Docket Entry No. 29 at 2. The Court resolves this credibility determination in favor of Breathwit at this stage. *See infra* II(A).

Breathwit compensated the owner of the two barges it was towing and in exchange received the right to assert those barge owners' claims for any tortious conduct that caused the damage.  Breathwit then filed this suit asserting maritime claims against Deloach.  Deloach moved to dismiss the lawsuit for lack of personal jurisdiction and improper venue.

## II.  LEGAL STANDARDS

### A.  Rule 12(b)(2)

The plaintiff bears the burden of demonstrating facts sufficient to support both jurisdiction and venue when a nonresident defendant challenges personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).[2]  *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985) (citations omitted); *McCaskey v. Cont'l Airlines, Inc.*, 133 F. Supp. 2d 514, 523 (S.D. Tex. 2001).  "When the district court rules on a motion to dismiss for lack of personal jurisdiction 'without an evidentiary hearing, the plaintiff may bear his burden by presenting a *prima facie* case that personal jurisdiction is proper.'"  *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 343 (5th Cir. 2002) (quoting *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994)).  "[I]n the absence of an evidentiary hearing, a court should allow a plaintiff to carry this burden based upon setting forth facts that taken as true would

---

[2] Deloach also argues under Rule 12(b)(3) that venue is improper.  Because venue exists where a business entity is subject to personal jurisdiction in a forum, *see* 28 U.S.C. § 1391(b)(1), (c)(2) (providing that a business entity is a citizen for venue purposes where it is subject to personal jurisdiction), the personal jurisdiction issue also decides the venue issue.

3 / 15

establish venue." *McCaskey*, 133 F. Supp. 2d at 523 (citing *Wilson*, 20 F.3d at 648). The court "must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 869 (5th Cir. 2000) (quoting *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999)). "But the court is not obligated to credit conclusory allegations, even if uncontroverted." *Mobius Risk Grp., LLC v. Global Clean Energy Holdings, Inc.*, 2012 WL 590926, at *2 (S.D. Tex. Feb. 22, 2012) (citing *Panda Brandywine Corp. v. Potomac Elec. Power*, 253 F.3d 865, 868 (5th Cir. 2001)).

### B. The Law of Personal Jurisdiction

A federal court presiding over a maritime matter may only exercise jurisdiction over parties subject to the long-arm statute of the state in which the court sits, and only to the extent that such exercise does not violate the Constitution. *See Submersible Sys., Inc. v. Perforadora Central, S.A. de C.V.*, 249 F.3d 413, 418 (5th Cir. 2001) (citing Fed. R. Civ. P. 4(k)(1)). "Because Texas's long-arm statute extends to the limits of federal constitutional due process, only [the constitutional] inquiry is required." *Companion Prop. & Cas. Ins. Co. v. Palermo*, 723 F.3d 557, 559 (5th Cir. 2013); *see also* Tex. Civ. Prac. & Rem. Code Ann. §§ 17.041–.045 (West 2013). Federal due process permits the exercise of personal jurisdiction over a nonresident defendant when: (1) "the non-resident

purposely availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the state;" and (2) "the exercise of jurisdiction does not offend 'traditional notions of fair play and substantial justice.'" *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (quoting *Wilson*, 20 F.3d at 647).

"There are two types of 'minimum contacts': those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction." *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). A pair of recent Supreme Court decisions highlight the substantially higher degree of contacts needed to establish general jurisdiction, which is "all-purpose" and grants a court the power "to hear any and all claims against" a party regardless of where the events at issue took place, than specific jurisdiction, which is "case-linked" and grants a court only the power to hear "issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Compare Goodyear Dunlop Tires Operations v. Brown*, 131 S. Ct. 2846, 2851 (2011) (citations and internal quotations marks omitted) (ruling on general jurisdiction), *with J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780, 2787–88 (2011) (ruling on specific jurisdiction).

If a plaintiff is able to establish the contacts necessary for either general or specific jurisdiction, the burden then shifts to the defendant to show that exercising jurisdiction would be unreasonable, meaning it would offend traditional notions of

fair play and substantial justice. *See Luv N'care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 473 (5th Cir. 2006) (citations omitted).

## III. ANALYSIS

Breathwit asserts that Deloach's contacts with Texas are strong enough to support both general and specific jurisdiction. At a hearing on this issue, the Court raised significant doubts that Deloach, with its headquarters in Louisiana, would be considered "at home" and thus subject to general jurisdiction in Texas. *See Goodyear*, 131 S. Ct. at 2851 (requiring a defendant to have "affiliations with the State [that] are so 'continuous and systematic' as to render them essentially at home in the forum State" for general jurisdiction to be proper (citation omitted)). The Court is even more doubtful in light of the Supreme Court's general jurisdiction ruling this week in *Daimler AG v. Bauman*, No. 11-965, 2014 WL 113486, at *11 (U.S. Jan. 14, 2014) (reiterating that place of incorporation and principal place of business are the "paradigm[atic] all-purpose forums," although not ruling out other situations that might support the exercise of general jurisdiction). But the Court does not need to decide the general jurisdiction question because it finds that Deloach is subject to specific jurisdiction in Texas for this dispute.

Whereas general jurisdiction requires contacts "so 'continuous and systematic' as to render [a defendant] essentially at home in the forum," specific

jurisdiction has a much lower threshold. *Goodyear*, 131 S.Ct. at 2851 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)). If "a defendant has relatively few contacts, a court may still exercise specific jurisdiction in a suit arising out of or related to the defendant's contacts with the forum." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006) (citation and internal quotation marks omitted). Even a single contact can support specific jurisdiction if the defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citation omitted). The "touchstone is whether the defendant's conduct shows that it reasonably anticipates being haled into court" in the forum state. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009) (citations and internal quotation marks omitted). Because specific jurisdiction requires a link between the defendant's contacts and the specific claim being asserted, it is a claim-specific inquiry. *Seiferth*, 472 F.3d at 274–75.

The specific jurisdiction inquiry has three parts. *See McFadin*, 587 F.3d at 759. One, the defendant must have minimum contacts with the forum state showing that it "purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there." *Id.*; *see also Burger King*, 471 U.S. at 472. Two, the litigation must "arise out of or relate to" at least one of those forum-related activities. *Helicopteros Nacionales de*

*Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).  And three, once the prior two requirements are met, a court must consider whether the exercise of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'"  *Burger King*, 471 U.S. at 476 (quoting *Int'l Shoe*, 326 U.S. at 320).

The first and third inquiries are not difficult in this case.  Deloach clearly has minimum contacts with Texas sufficient for specific jurisdiction—which is a much lower threshold than the continuous, systematic contacts necessary for the exercise of general jurisdiction.  The SALLIE ANN uses Houston as its home port.  For the voyage at issue, Deloach contracted with a Texas company, Kirby Inland Marine, to transport Kirby's barges and cargo from Houston to Louisiana.  The SALLIE ANN travelled about 100 miles in Texas eastward from Houston on the Gulf Intracoastal Waterway.  This conduct involves far more than "[m]erely contracting with a resident of a forum state."  *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007).  And the contacts with Texas are not fortuitous.  Deloach has substantial towing business in Texas, operating at least six tugs in Texas waters in the two weeks immediately preceding the SALLIE ANN's collision with the ALEX B.[3]  Docket Entry No. 24 at 10.  Deloach was certainly availing itself of the benefits and protections of conducting business in Texas.  *See*

---

[3] Although not directly relevant to analyzing specific jurisdiction in this case, it is worth noting that the M/V SALLIE ANN was arrested in connection with a parallel *in rem* proceeding while at port in Houston.  Docket Entry No. 24-1.  That matter is *Breathwit Marine Contractors, Ltd. v. Deloach Marine Servs., LLC*, Civ. A. No. 4:13-cv-02636 (S.D. Tex. filed Sep. 9, 2013).

*Panda Brandywine*, 253 F.3d at 869 ("To conclude that a defendant should 'reasonably anticipate' being haled into the forum State requires 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws,' or 'purposefully directs' its efforts toward the forum State residents." (quoting *Burger King*, 471 U.S. at 475–76)).

For the same reasons, subjecting Deloach to suit in Texas for a collision involving its Houston-based vessel does not raise any fairness concerns. The "fair play and substantial justice" inquiry is one on which the defendant bears "the burden of proof and it is rare to say the assertion of jurisdiction is unfair after minimum contacts have been shown." *McFadin*, 587 F.3d at 759–60 (internal quotation marks, alterations, and citation omitted). But that burden shifting is not necessary to easily reject any notion that exercising jurisdiction over Deloach for this lawsuit would be unreasonable. It was entirely foreseeable that Deloach could face a lawsuit involving the SALLIE ANN in the state where that vessel is based and conducts extensive operations. It was just as likely that the SALLIE ANN would have a collision with another vessel in Texas than that it would have a collision in Louisiana. Deloach enjoys the benefits of contracting with Texas companies for its towing services, using the Port of Houston as the home port of record for the SALLIE ANN, and navigating the Texas waters of the Gulf

Intracoastal Waterway. Traditional notions of fair play and justice support subjecting Deloach to suit in the state where it receives such significant benefits.

That leaves the closer question: whether Deloach's clear contacts with Texas gave rise to this lawsuit, in which the alleged tortious conduct occurred in Louisiana. *See Felch v. Transportes Lar-Mex SA DE CV*, 92 F.3d 320, 324 (5th Cir. 1996) ("Specific jurisdiction is appropriate when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action." (citation omitted)). Although the Supreme Court has issued a number of rulings on the "contacts" requirement, it has not offered direct guidance on the scope of the requirement for specific jurisdiction that the claim must "arise out of or relate to" those contacts. *Helicopteros*, 466 U.S. at 414; *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 318 (3d Cir. 2007) (noting that "the Supreme Court has not yet explained the scope of this requirement"); *see also* Jayne S. Ressler, *Plausibly Pleading Personal Jurisdiction*, 82 Temple L. Rev. 627 (2009) (discussing how the specific jurisdiction inquiry often hinges on the court's approach to analyzing whether a controversy "arises out of or relates to" the defendant's purposeful contacts with the jurisdiction).

The circuit courts grappling with this issue have followed three main approaches. *Id.* at 636; *Sandy Lane*, 496 F.3d at 318–20. From most to least restrictive, these are the "proximate cause" or "substantive relevance" test; the

"but-for" test; and the "substantial connection" or "discernable relationship" test. *Sandy Lane*, 496 F.3d at 318–20. The proximate cause test "examines whether the defendant's contacts with the forum" are the legal cause of the injury or otherwise "are relevant to the merits of the claim." *Id.* at 319 (citation omitted). This is the test generally applied by the First Circuit and the one preferred by Justice Brennan in his *Helicopteros* dissent. *Id.* The "but-for" test, "[a]s the name indicates . . . is satisfied when the plaintiff's claim would not have arisen in the absence of the defendant's contacts." *Id.* (citation omitted). Finally, the "discernable relationship" test uses more of a hybrid, or "sliding-scale" approach in which the "critical question is whether the tie between the defendant's contacts and the plaintiff's claim is close enough to make jurisdiction fair and reasonable." *Id.* at 319. This final approach that finds some support in a Second Circuit decision and state case law eschews the distinction between specific and general jurisdiction, which seemingly at odds with the Supreme Court's approach. *See id*. (citing *Chew v. Dietrich*, 143 F.3d 24, 29 (2d Cir. 1998) and cases from California, Connecticut, and District of Columbia courts).

The Fifth Circuit has not spoken as thoroughly as other circuits have on this issue. Early on, the circuit indicated, albeit in a footnote that is arguably dicta, that it follows the "but for" approach, *Prejean v. Sonatrach, Inc.*, 652 F.2d 1260, 1270 n.21 (5th Cir. 1981) (stating that "the view that a tort suit cannot arise from a

contractual contact, and presumably vice versa" is "much too narrow an interpretation of a statute that is to be given the broadest possible construction," and noting that "[i]n a case like this, the contractual contact is a 'but for' causative factor for the tort since it brought the parties within tortious 'striking distance' of each other."), and that is how other circuits have categorized its position. *See Sandy Lane*, 496 F.3d at 319 n.8; *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 430 (7th Cir. 2010) (both citing *Prejean* for the proposition that the Fifth Circuit follows the "but for" approach).

Circuits more recently adopting the "but for" approach have tightened its broad scope, resulting in what is essentially a "but-for-plus" approach. *Sandy Lane*, 496 F.3d at 322–23; *see also uBid*, 623 F.3d at 430 (following the Third Circuit's approach in *Sandy Lane*). In explaining the reason for this approach, the Third Circuit analyzed how the relatedness requirement is at its core a concept of reciprocity between the "benefits and protection" defendants receive from a forum and their corresponding jurisdictional obligations. *Id.* at 321–24 ("But in the course of this necessarily fact-sensitive inquiry, the analysis should hew closely to the reciprocity principle upon which specific jurisdiction rests. With each purposeful contact by an out-of-state resident, the forum state's laws will extend certain benefits and impose certain obligations. Specific jurisdiction is the cost of enjoying the benefits." (citing *Burger King*, 471 U.S. at 475–76; *Int'l Shoe*, 326

U.S. at 319)); *Coté v. Wadel*, 796 F.2d 981, 984 (7th Cir. 1986) ("Personal jurisdiction over nonresidents of a state is a quid for a quo that consists of the state's extending protection or other services to the nonresident."). As described by the court in *Sandy Lane*, the "causal connection can be somewhat looser than the tort concept of proximate causation, but it must nonetheless be intimate enough to keep the quid pro quo proportional and personal jurisdiction reasonably foreseeable." 496 F.3d at 323.

Application of the "but-for-plus" approach can result in a finding of specific jurisdiction outside the forum where the tort took place. For example, the *Sandy Lane* court allowed the exercise of personal jurisdiction in Pennsylvania over a suit concerning an injury that occurred at a Barbados resort because the plaintiffs made the travel arrangements from their Pennsylvania home and received solicitations there from the resort. *Id*. at 323–24 (explaining that the Pennsylvania solicitation was a "but for" cause of the tort because plaintiffs would not have gone to Barbados otherwise and citing other factors that made the connection more "than mere but-for causation"); *see also Colvin v. Van Wormer Resorts, Inc.*, 417 F. App'x 183, 187 (3d Cir. 2011) (finding that California owner of a resort in Mexico was subject to specific jurisdiction in New Jersey because "[i]f not for the phone calls and faxes between [defendant] and the [plaintiffs], the [plaintiffs] would not have made the reservation for the 2005 fishing trip on which [the plaintiff] was

injured." (citing *Sandy Lane*, 496 F.3d at 323)); *compare Collazo v. Enter. Holdings, Inc.*, 823 F. Supp. 2d 865, 872–74 (N.D. Ind. 2011) (applying "but-for-plus" approach and finding that specific jurisdiction did not exist in Indiana over accident involving rental car in Puerto Rico because no evidence existed that plaintiff had contacts with defendant in Indiana related to the rental).

A commentator chronicling case law on this issue concludes that this "but-for-plus" approach best characterizes Fifth Circuit law, though the circuit has not directly addressed the issue. *See* Ressler, *supra* at 638; *Felch*, 92 F.3d at 324–26 (discussing how the lack of a relationship between defendant's contacts with Texas and the alleged injury defeats the exercise of specific jurisdiction). But the outcome of this case does not turn on whether *Prejean*'s mere "but for" test remains good law or whether the Fifth Circuit would now follow the "but-for-plus" approach.

The facts of this case easily satisfy even the more stringent "but-for-plus" standard, as the connection between the forum state contacts and the tort is stronger than existed in *Sandy Lane*. The voyage giving rise to this lawsuit had Texas as its starting point. If Deloach had not purposefully directed its activities at Texas—by picking up a barge and cargo from a Houston-based client and towing them through the Texas waters until reaching Louisiana—then the SALLIE ANN would not have collided with the ALEX B. This case is thus easily distinguishable

from the trucking accident in *Felch* where specific jurisdiction was found lacking in Texas because, despite the trucking company having some contacts in Texas, the entire *Felch* route took place in Mexico (from Monterrey to Nuevo Laredo). And, as discussed above, the Texas connection of this voyage was not some anomaly for which Deloach would not expect to be haled into a Texas court. Houston is the SALLIE ANN's home port, and Deloach conducts substantial business with Texas companies, towing Texas-based cargoes, in Texas waters. These substantial benefits Deloach receives from Texas also impose on it the obligation of defending lawsuits in Texas when the conduct giving rise to the lawsuit has a Texas connection as this one does.

## IV. CONCLUSION

Breathwit has sufficiently pleaded facts to support an exercise of personal jurisdiction and venue. Accordingly, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Venue (Docket Entry No. 16) is **DENIED**.

**SIGNED** this 16th day of January, 2014.

                                                                  _____
                                                                  Gregg Costa
                                                                  United States District Judge